IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Allen Baxter III <br> <u>Debtor(s)</u> | CHAPTER 13 |
| MIDFIRST BANK <br> <u>Movant</u> <br> vs. | NO. 19-16493 AMC |
| Allen Baxter III <br> <u>Debtor(s)</u> | |
| Kenneth E. West Esq. <br> <u>Trustee</u> | 11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. This stipulation settles the Certification of Default filed by Movant (DOC. 129) and the Debtor's objection filed to our default (DOC.130). The previous stipulation filed on February 2, 2022, Doc. 85 is no longer valid.

2. As of June 6, 2024, the post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,361.76.** Post-petition funds received after June 6, 2024, will be applied per the terms of this stipulation as outlined here. The arrearage breaks down as follows;

Post-Petition Payments:    March 2024 through June 2024 at $340.44/month
**Total Post-Petition Arrears    $1,361.76**

3. Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on July 2024 and continuing through November 2024, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$340.44** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$275.35 for July 2024 through October 2024 and**

**$260.36 for November 2024** towards the arrearages on or before the last day of each month at the address below;

MIDFIRST BANK

999 Northwest Grand Boulevard

Oklahoma City, OK 73118

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date:   June 6, 2024

                **/s/ Denise Carlon, Esquire**
                Denise Carlon, Esquire
                Attorney for Movant

Date: 6/18/2024

                /s/ David M. Offen
                David M. Offen, Esquire
                Attorney for Debtor(s)

Date: 7/9/2024

                /s/ Jack Miller
                Jack Miller, Esquire
                Chapter 13 Trustee

Approved by the Court this  12th day of  July                              , 2024.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge

Ashely M. Chan

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Allen Baxter III<br>**Debtor(s)**<br><br>MIDFIRST BANK<br>**Movant**<br>vs.<br><br>Allen Baxter III<br>**Debtor(s)**<br><br>Kenneth E. West Esq.,<br>**Trustee** | BK NO. 19-16493 AMC<br><br>Chapter 13 |

## CERTIFICATE OF SERVICE
### Stipulation

I, Denise Carlon of KML Law Group, P.C., certify that I am, and at all times hereinafter mentioned was, more than 18 years of age and that on <u>July 10, 2024</u>, I served the above captioned pleading, filed in the proceeding on the parties at the addresses shown below;

<u>Debtor(s)</u>
Allen Baxter III
6923 Greenway Avenue
Philadelphia, PA 19142

<u>Attorney for Debtor(s)</u>
David M. Offen, The Curtis Center
601 Walnut Street, Suite 160 West
Philadelphia, PA 19106

<u>Trustee</u>
Kenneth E. West Esq.
Office of the Chapter 13 Standing Trustee (VIA ECF)
1234 Market Street - Suite 1813
Philadelphia, PA 19107

Method of Service:  electronic means or first class mail

Dated: <u>July 10, 2024</u>

<u>**/s/Denise Carlon Esquire**</u>
Denise Carlon Esquire
Attorney I.D. 317226
KML Law Group, P.C.
BNY Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA 19106
201-549-2363
dcarlon@kmllawgroup.com