# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  Allen Baxter, III <br> _Debtor(s)_ | |
| MIDFIRST BANK <br> _Movant_ <br> v. | Chapter 13 |
| Allen Baxter, III <br> _Debtor(s)_ | NO. 19-16493 AMC |
| Kenneth E. West <br> _Trustee_ | 11 U.S.C. Section 362 |

## ORDER

AND NOW, this _____ day of _____, 2025 upon the filing of a Certification of Default by the Moving Party in accordance with the Stipulation of the parties approved on July 12, 2024, it is ORDERED AND DECREED that:

The Automatic Stay of all proceedings, as provided under Section 362 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (The Code), 11 U.S.C. Section 362 and the Co-Debtor Stay under Section 1301 of the Bankruptcy Code (if applicable), is modified with respect to the subject premises located at 2202 S. 56th Street, Philadelphia, PA 19143 ("Property"), so as to allow Movant, and its successors or assignees, to proceed with its rights and remedies under the terms of the subject Mortgage and pursue its in rem State Court remedies including, but not limited to, taking the Property to Sheriff's Sale, in addition to potentially pursuing other loss mitigation alternatives including, but not limited to, a loan modification, short sale or deed-in-lieu of foreclosure. Additionally, any purchaser of the Property at Sheriff's Sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the Property.

The stay provided by Bankruptcy Rule 4001(a)(3) has been waived.

**Date: April 11, 2025**

_[signature]_

United States Bankruptcy Judge.